JEFFERY LEE DICKERSON
Plaintiff
12769-078
POB 33
Terre Haute, IN 47808

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

15 APR 23 PM 4:09

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

In Propria Persona

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **JEFFERY LEE DICKERSON,** | ) No. |
| Plaintiff, | ) COMPLAINT |
| vs. | ) 2:15-cv-0114 JMS-MJD |
| UNITED STATES ATTORNEY, | ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff brings this action against defendant, the **United States of America** (USA), pursuant to the **Federal Tort Claims Act** (FTCA), so that this Court has jurisdiction of the subject matter of this action pursuant to **28 U.S.C. § 1346 (b)** and **28 U.S.C. § 2671-2680**.

2. The plaintiff has complied with all prerequisites to a suit under the **Federal Tort Claims Act** in that:

    a. On September 22, 2014, the plaintiff timely filed an administrative claim for the matters in dispute in this action in the amount of $400,000.00 with the Federal Bureau of Prisons (BOP).

  b. The defendant, by an through its agency, the Federal Bureau of Prisons, denied plaintiff's administrative claim and on March 5, 2015 mailed its notice of denial, a copy of which is attached to this complaint as ' Exhibit A'.

  c. This action was timely commenced following the denial of the administrative claim.

3. At all times relevant hereto, plaintiff was and is an inmate confined in the BOP.

4. That, commencing on or about March 13, 2013, plaintiff reported to BOP Medical Staff, complaining of skin lesions and ulcerations in his head and face area.

5. That at the time of plaintiff's presentment for medical care, plaintiff further apprised attendant medical staff, all of whom are or were employees, agents, or servants of the defendant USA, that plaintiff's family history had numerous instances of skin cancer.

6. That, commencing on or about March 13, 2013, and at numerous divers times thereafter, plaintiff sought medical care from BOP, by and through medical staff who were or are agents, employees or servants of the defendant USA, and at such divers times, upto an including April 25, 2014, the defendant USA, by and through its agents, employees, and servants committed the acts of negligence that are set forth more fully below.

7. As a result of the fault of the defendant, by and through its agents, employees and servants, acting within the scope of their employment, plaintiff suffered permanent disfigurement, scarring, and serious physical injury, caused by the undiagnosed and untreated squamous cell carcinoma.

8. These injuries resulted from the negligence of the agents, employees, and servants of defendant USA, acting within the scope of their employment, as follows:

   a. On May 31, 2013, plaintiff was examined by medical staff at a BOP facility, at which time plaintiff complained of pain, lesions, and ulcerations in the area of his head and face.

   b. At that time, defendant USA, by and through its agents, employees and servants, and specifically BOP employee Leslee Duncan Brooks diagnosed plaintiff with an ingrown hair, after plaintiff adivsed Duncan Brooks that plaintiff had a family history of skin cancer.

   c. At divers times thereafter, plaintiff again sought medical care and treatment from the defendant USA, and was next diagnosed, on or about October 15, 2013 as now suffering from a skin fungus, and anti-fungal cream was prescribed.

   d. At divers times thereafter, plaintiff requested that defendant USA, by and through its agents, employees and servants, conduct a skin biopsy of other test to determine if the lesions and ulcerartions were cancer, and such requests were refused, most specifically on October 15, 2013; November 7, 2013; December 10, 2013; January 14, 2014; January 16, 2014; January 24, 2014 and March 27, 2014.

   e. That on November 7, 2013, plaintiff returned to BOP Medical, and advised the defendant USA's agents, employees and servants that the anti- fungal cream was not working, and the lesions and ulcerations were growing in size, and also spreading

plaintiff's back, hands, and upper arms. BOP Medical staff diagnosed plaintiff as suffering from psoriasis, and directed plaintiff to spend as much time in direct sun light as possible.

 f. That on December 10, 2013, plaintiff returned to BOP Medical, and apprised BOP Medical staff that the psoriasis treatment was not working, and that he had incurred greater instances of the spreading and development of skin lesions and ulcerations. Defendant USA, by and through its agents, employees and servants, diagnosed psoriasis, and prescribed further medications meant to treat psoriasis. Moreover, BOP medical Staff indicated that a biopsy would be ordered to determine if the psoriasis was cancerous.

 g. That on January 14, 2014, plaintiff reported to BOP Medical, and underwent a skin biopsy, by the defendant USA's agents, employees, and servants.

 h. That on January 24, 2014, plaintiff was advised by the defendant USA's agents, employees and servants that the biopsy was 'negative' and showed the lesions and ulcerations were not cancerous.

 i. That on March 27, 2014, plaintiff again sought medical care and treatment from defendant USA, by and through its agents, employees, and servants, as the lesions and ulcerations had now spread to the majority of plaintiff's upper body area, and plaintiff was in great pain and discomfort. At that time, derfendant USA, by and through its agents, employees and servants determined that they had incorrectly diagnosed

plaintiff on all prior occasions, that the lesions and ulcerations appeared to be cancerous, and determined to order a second biopsy.

j. That on April 17, 2014, defendant USA, by and through its agents, employees and servants, conducted two (2) skin biopsies.

k. That on April 25, 2014, plaintiff was notified by defendant USA, by and through its agents, employees, and servants, that plaintiff was suffering from squamous cell carcinoma; that the prior diagnosis(es) had been incorrect; that it appeared that the previous biopsy performed on January 26, 2014 had not been properly performed; that given plaintiff's family history of skin cancer, such biopsy and assessment for cancer should have been undertaken when plaintiff first presented for medical care; and that plaintiff was to immediate cease all priorly prescribed medical regimens, including but most importantly to not expose himself to direct sunlight in any circumstances, as such exposure greatly exacerbates the cancer and also places plaintiff at a greater risk of injury.

l. That on April 25, 2014, plaintiff was advised, by the defendant USA, by and through its agents, eployees, and servants, that he would have to undergo surgery to remove and repair the lesions and close the ulcerations on his body, as well as undergo chemical and possible radiological treatments.

m. Defendant USA, by and through its agents, employees and servants, failed to follow generally accepted medical standards, and were negligent in failing to diagnose the

cancerous condition and were further negligent in failing to utlilize proper medical care and tests which were available, to properly diagnose and treat the cancer.

    n. Defendant USA, by and through its agents, employees, and servants, failed to follow generally acceptable medical standards. Had they done so, plaintiff's cancer could have been removed in a minor surgical procedure, such opton being no longer viable owing to the pernicious and now uncontrolled spread of the squamous cell carcinoma.

9. As a direct and proximate result of the combined negligence of the defendant United States of America and its agents, employees and servants, plaintiff has suffered and continues to suffer lesions and ulcerations covering over twenty (20) percent of his body, disfigurement and scarring of his head and neck area, spent weeks in obtaining medical care, suffered pain of mind and body, permanent disability, and disfigurement and had been damaged in the aggregate sum of at least **$400,000.00**.

10. As a result of these injuries, plaintiff will in the future incur medical expenses, will lose earnings, will suffer pain of mind and body, and will be permanently disabled, disfigured, and suffer a substantial loss of earning capacity, in the sum of at least $400,000.00.

## PRAYER

Plaintiff requests that this Court render Judgment against the Defendant:

    A. In the sum to be shown at trial, but in no evenet less than $800,000.00;

B.   Including whatever pre- and postjudgment interest may be allowed by law;

C.   An award to plaintiff of attorney's fees; and that

D.   Plaintiff be awarded costs of suit.

Dated: 13 April, 2015
       Terre Haute, Indiana

*[signature] J L Dickerson  4-13-15*

JEFFERY LEE DICKERSON
PRO SE
PLAINTIFF
POB 33
TERRE HAUTE, IN 47808


Sworn to before me this 13 day of April, 2015.

*[signature] Michael Joseph Miller*

MICHAEL JOSEPH MILLER
Notary Public - Seal
State of Indiana
Vermillion County
My Commission Expires Feb 26, 2022

7