UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY LEE DICKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case. No. 2:15-cv-0114-JMS-MJD |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Motion to Transfer**

This cause is now before the Court on a motion to transfer venue pursuant to 28 U.S.C. § 1406(a) filed by the defendant, United States of America. The United States argues that transfer to the Southern District of Illinois is appropriate in this action because all of the events giving rise to this litigation occurred in the Southern District of Illinois, and the majority of the witnesses and evidence are located in that district. The plaintiff, Jerry Lee Dickerson, does not oppose the United States' motion [dkt. 16]. For the following reasons, the United States motion is granted and this action is transferred to the Southern District of Illinois.

**I. Factual Background**

This is a medical malpractice action brought pursuant to the Federal Tort Claims Act ("FTCA"). The plaintiff is currently incarcerated at the U.S. Penitentiary in Terre Haute, Indiana, which is located in the Southern District of Indiana. He filed a complaint on April 23, 2015, in this Court alleging that Bureau of Prison medical staff misdiagnosed and mistreated his squamous cell carcinoma. The complaint is silent as to where the alleged tort occurred, but the United States avers that the alleged medical malpractice occurred while the plaintiff was housed at the U.S. Penitentiary in Marion, Illinois, where he was incarcerated from May 16, 2007, through August

11, 2014.

## II. Standard

The United States asks this Court to transfer this matter to the Southern District of Illinois pursuant to 28 U.S.C. § 1406(a). Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The weighing of factors for and against transfer involves a large degree of subtlety and latitude and is committed to the sound discretion of the trial court. *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989). The United States argues that it is in the interest of justice that this action be transferred to the Southern District of Illinois.

## III. Discussion

### A. Venue

Actions pursuant to the FTCA "may be prosecuted only in the district where the plaintiff resides or wherein the act or omission complaint of occurred." 28 U.S.C. § 1402(b). Because all of the alleged misconduct occurred while Dickerson was incarcerated at the U.S. Penitentiary in Marion, Illinois, [dkt. 11-1, at pg. 2], venue is proper in the Southern District of Illinois.

### B. Interests of Justice

According to the United States, all of the underlying events in this action occurred in Illinois, and the majority of the witness and documentary evidence are located in Illinois. As such, it is in the interest of justice to transfer this action to the Southern District of Illinois. The term "the interests of justice" is not a definite standard, *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986), and the standard of review is for a clear abuse of discretion. *Continental Ins. Co. v. M/V ORSULA*, 354 F.Supp 603, 608 (7th Cir. 2003). In assessing whether it is in the interests of justice to transfer

this action, the United States cites factors such as the efficient administration of the court system and a forum closer to the action. The Court agrees that it is in the interests of justice to transfer this action to the Southern District of Illinois. According to the United States' supporting documentation, all of the underlying events forming the basis for Dickerson tort claim occurred while he was incarcerated in U.S. Penitentiary in Marion, Illinois. Further, Illinois law will govern this action. *See Bazuaye v. United States*, 41 F.Supp.2d 19, 23 (D.D.C. 1999) (quoting 28 U.S.C. § 1346(b)) ("Under the FTCA, the United States has agreed to be liable in tort 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.' It has long been understood that the 'law of the place' is the law of the State where the conduct occurred, and thus, as a matter of federal law, state law supplies the rule of decision in FTCA cases.").

### IV. Conclusion

For these reasons, the Court finds that venue is proper in the Southern District of Illinois, and that the transfer is in the interest of justice. Accordingly, the defendant's motion to transfer [dkt. 11] **is granted**. Pursuant to 28 U.S.C. § 1406(a) the above action is now **TRANSFERRED** to the Southern District of Illinois.

**IT IS SO ORDERED.**

Date:    08/05/2015

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK:** **PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Jerry Lee Dickerson, 12769-078
Terre Haute-FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, Indiana 47808

Electronically registered counsel.