IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY LEE DICKERSON, <br> # 12769-078, <br><br> Plaintiff, <br><br> vs. <br><br> USA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-865-NJR <br> ) <br> ) <br> ) <br> ) |

# ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, a federal prisoner currently incarcerated at FCI-Terre Haute, originally filed this *pro se* action in the Southern District of Indiana on April 23, 2015 (Doc. 1). Upon conducting the preliminary review of the complaint under 28 U.S.C. § 1915A, the court found that Plaintiff stated a cognizable claim of medical malpractice, brought pursuant to the Federal Tort Claims Act ("FTCA"), and service was ordered. *See* 28 U.S.C. § 2671 *et seq.* (Doc. 4). On August 5, 2015, however, after it was determined that Plaintiff's claims arose while he was confined at USP-Marion, an order was entered to transfer this action to the Southern District of Illinois (Doc. 17).

Because the required merits review under § 1915A has already been completed, this case shall be referred to a United States Magistrate Judge for further action.

**Disposition**

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including consideration of the pending motion to dismiss for failure to state a claim (Doc. 23).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Plaintiff is **ADVISED** that he must serve upon defense counsel a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defense counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 31, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**