IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY LEE DICKERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-865-NJR-DGW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jeffrey Lee Dickerson, an inmate in the custody of the United States Bureau of Prisons ("BOP"), brought this *pro se* action under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA") against the United States of America, alleging his squamous cell carcinoma was misdiagnosed and mistreated while he was incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion") (*see* Docs. 1 and 4).

Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) on August 24, 2015 (Doc. 23). Defendant asserts that Plaintiff's claim should be dismissed for failure to submit a Certificate of Merit, as required by Illinois law. *See* 735 ILL. COMP. STAT § 5/2-622. Plaintiff was granted an extension of time to respond to Defendant's motion; however, Plaintiff failed to file a substantive response.[1]

---

[1] Plaintiff instead filed a Motion to Stay Pretrial Schedule (Doc. 28) and a Motion for Appointment of Recruitment of Counsel (Doc. 29), neither of which directly addresses Defendant's pending motion to dismiss, but rather, asks the Court to "stay the pretrial order" as Plaintiff has now sought assistance of counsel. These motions will be ruled on in a separate order.

## DISCUSSION

FTCA claims are governed by the substantive law of the state in which the alleged tort occurred, in this case Illinois. *See* 28 U.S.C. §§ 1346(b), 2674; *see also Murrey v. United States*, 73 F.3d 1448, 1453 (7th Cir. 1996). The prevailing law in Illinois requires that certificate of merits be filed in cases alleging medical malpractice. Specifically, § 2-622 provides, in part, that "[i]n any action, whether in tort, contract, or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical malpractice, hospital or other healing malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit" attesting that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." 735 ILL. COMP. STAT. 5/2-622. A written report by the physician must be attached to the affidavit and must comply with Section 2-622(a). *Id.* Failure to abide by this requirement "shall be grounds for dismissal." *Id.* The Seventh Circuit has determined that while dismissal is necessary, courts have discretion to dismiss with or without leave to amend. *Sherrod v. Lingle*, 223 F. 3d 605, 613 (7th Cir. 2000).

Here, Plaintiff has not filed the required certificate of merit. Defendant contends that dismissal without prejudice in this instance is appropriate as Plaintiff failed to submit the required certificate of merit to substantiate his medical malpractice claim concerning treatment provided for his squamous cell carcinoma. The Court agrees.

Accordingly, Defendant's Motion to Dismiss (Doc. 23) is **GRANTED**, and Plaintiff's FTCA claim is **DISMISSED without prejudice.** Plaintiff is **GRANTED** leave

to file an amended complaint and comply with the requirements of § 2-622 by **April 4, 2016**. Plaintiff is **WARNED** that if he fails to amend his complaint and provide the requisite certificate of merit, his case will be **DISMISSED with prejudice**.

    **IT IS SO ORDERED.**

    DATED:   March 7, 2016

                                          **NANCY J. ROSENSTENGEL**
                                          **United States District Judge**