IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY LEE DICKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:15-cv-865-NJR-DGW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Stay Pretrial Schedule (Doc. 28) and Motion for Appointment of Recruitment of Counsel (Doc. 29) filed by Plaintiff. For the reasons set forth below, the Motion to Stay is **MOOT** and the Motion for Counsel is **DENIED**.

**MOTION FOR APPOINTMENT OF RECRUITMENT OF COUNSEL (DOC. 29)**

In this motion, Plaintiff asks the Court to recruit him counsel to represent him in this matter as his ability to litigate is hindered by his incarceration and, as this is a case that involves medical issues, it will require testimony of an expert witness, which he cannot secure.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the

plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has met his threshold burden by showing that he has made reasonable, albeit unsuccessful, attempts to recruit counsel. However, the Court is not inclined to recruit counsel for Plaintiff at this time. A review of the docket demonstrates that Plaintiff has the ability to read, write, and understand the English language. Specifically, the Complaint, which appears to be written and attested to by Plaintiff himself, cogently sets out the facts giving rise to Plaintiff's claims, and demonstrates his ability to communicate effectively. Moreover, the docket in this case indicates that Plaintiff has been paroled and is no longer incarcerated. As such, the attendant difficulties of litigating this matter while in prison are no longer applicable to Plaintiff. For these reasons, Plaintiff's Motion for Recruitment of Counsel is **DENIED**.

### MOTION TO STAY PRETRIAL SCHEDULE (DOC. 28)

In this motion, Plaintiff asks the Court to stay the pretrial schedule as he has sought the assistance of counsel. The Court notes that it has denied Plaintiff's request for counsel. Moreover, the Court has not yet entered a pretrial schedule as District Judge Nancy J. Rosenstengel has recently dismissed Plaintiff's claim and granted Plaintiff leave to file an

amended complaint by April 4, 2016 (Doc. 31).  Until an amended complaint is filed, the Court will not enter a scheduling order in this case.  As such, Plaintiff's Motion to Stay Pretrial Schedule is **MOOT**.

**IT IS SO ORDERED.**

**DATED: March 23, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**